**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

WIDDJY GOURDET,

Petitioner,

v.

CENTRAL VALLEY ANNEX, et al.,

Respondents.

Case No. 1:26-cv-08590-JLT-EGC

A-Number: 240-911-979

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Widdjy Gourdet is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner, from Haiti, entered the United States in April 2024 on Haitian Humanitarian Parole. (Doc. 8 at 5.) Petitioner has a pending Form I-589 Application for Asylum and there is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. (*Id.*) Yet, on September 5, 2026, Petitioner was arrested and taken into ICE custody. Petitioner is detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On October 19, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.) On November 4, 2026, Respondents filed a response to the first amended habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 8 at 1-2.)

**II. LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**III. DISCUSSION**

Respondents assert that unlike the category of detainees apprehended in the interior of the United States, Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b) because he is a "quintessential 'arriving alien' and 'applicant for admission' as he was paroled into the United States." (Doc. 8 at 1-2.) The Court disagrees and finds that Petitioner is not subject to mandatory detention on this basis. First, federal courts have generally determined that an individual who has lived freely in the United States under humanitarian parole is not an "arriving alien" but rather is " 'present' in the United States and does have full due process rights." *Baptiste v. Bondi*, No. CV 26-02586 PHX SPL (CDB), 2026 WL 1684433, at *5 (D. Ariz. May 21, 2026) (collecting cases), *report and recommendation adopted*, No. CV-26-02586-PHX-SPL, 2026 WL 1682149 (D. Ariz. June 10, 2026). Relatedly, because Petitioner was previously released into the United States on parole, Petitioner possesses a protected interest in remaining at liberty while his removal proceedings are pending, "entitling him to certain due process protections, the extent of which are determined by applying the test provided in M*athews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Thelusma v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01443-JLT-EPG-HC,

2026 WL 1162804, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 2333529 (E.D. Cal. Aug. 12, 2026). This is because being released into the United States on humanitarian parole necessarily required a finding that Petitioner was not a danger to the community or a flight risk. 8 C.F.R. § 212.5(b). As such, the Court finds that Petitioner's detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (finding detention of noncitizen whose humanitarian parole was revoked violated due process). As Petitioner has committed no crime nor violated the conditions of his parole, the Court find the appropriate remedy in this case to be immediate release.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.
2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];
3. The Clerk of Court is directed to Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

///

///

///

///

///

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _November 6, 2026_

UNITED STATES DISTRICT JUDGE